UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

ROBERT GETSO,

               Plaintiff (Pro Se),        10 Civ. 4624

   -against-                         OPINION

HARVARD UNIVERSITY EXTENSION SCHOOL,

               Defendant.

----------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3|17|11

A P P E A R A N C E S:

       Pro Se

       ROBERT GETSO
       P.O. Box 1043
       Old Chelsea Station
       New York, NY 10113

       Attorneys for Defendant

       FRIEDMAN KAPLAN SEILER & ADELMAN LLP
       1633 Broadway
       New York, NY 10019
       By:  Katherine L. Pringle, Esq.
           Andrew S. Pak, Esq.

**Sweet, D.J.**

Plaintiff pro se Robert Getso ("Getso" or "Plaintiff") has submitted a "Motion to Re-Argue" this Court's January 5, 2011 Opinion (the "January 5 Opinion") granting Defendant Harvard University Extension School's (the "School" or "Defendant") motions to dismiss and for summary judgment.  Getso has also moved this Court to Charge Defendant with perjury and has moved for an extension of time to file an appeal of the January 5 Opinion.  For the reasons set forth below, all three motions are denied.

Familiarity with the facts of this proceeding is assumed.

The instant motions were marked fully submitted on March 2, 2011.

**The "Motion to Re-Argue" is Denied**

On January 19, 2011, Getso filed a "Motion to Re-Argue."  By Order dated January 21, 2011, this Court treated Getso's motion as a motion for reconsideration of the January 5 Opinion.

1

To prevail on a motion for reconsideration under Local
Civil Rule 6.3, "'the moving party must demonstrate controlling
law or factual matters put before the court on the underlying
motion that the movant believes the court overlooked and that
might reasonably be expected to alter the court's decision.'"
Word v. Croce, No. 01 Civ. 9614, 2004 WL 434038, at *2 (S.D.N.Y.
Mar. 9, 2004) (quoting Parrish v. Sollecito, 253 F. Supp. 2d
713, 715 (S.D.N.Y. 2003)); see also Williams v. New York City
Dep't of Corr., 219 F.R.D. 78, 83 (S.D.N.Y. 2003); Borochoff v.
GlaxoSmithKline PLC, No. 07 Civ. 5574, 2008 WL 3466400, at *1
(S.D.N.Y. Aug. 12, 2008) ("The major grounds justifying
reconsideration are 'an intervening change of controlling law,
the availability of new evidence, or the need to correct a clear
error or prevent manifest injustice.'" (quoting Virgin Atl.
Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d
Cir. 1992))).  "Reconsideration of a court's previous order is
an 'extraordinary remedy to be employed sparingly in the
interests of finality and conservation of scarce judicial
resources.'"  Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d
341, 342 (S.D.N.Y. 2002) (quoting In re Health Mgmt. Sys. Inc.
Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

Getso has failed to meet the threshold for reconsideration, as all of the allegations in his motion could have been made previously and are irrelevant to his claims.

First, Getso alleges that Defendant "lied to the Court by falsely claiming there is a financial aid application," and challenges the Court's reference to such application in its January 5 Opinion.  (Mot. ¶ 2.)  Both Defendant and the Court referred to an exhibit submitted by Getso, which states that information was missing from his financial aid application. Prior to the instant motion, Getso had not alleged that he did not submit a financial aid application.  Regardless, Getso's averments regarding financial aid communications are "irrelevant to his claims."  January 5 Opinion 21.

Second, Getso alleges that Defendant improperly claimed to have been unaware of certain documents used to support Getso's Amended Complaint. (Mot. ¶ 3.)  Not only could this argument have been raised in response to Defendant's motion to dismiss and/or for summary judgment, but these documents were addressed by Defendant in its argument that the documents do not evidence a contract.  The Court, having reviewed the documents at issue, agreed with Defendant and found that the documents "do

3

not evidence or manifest any agreement between Getso and the School to be enrolled in the degree program or to receive a degree." January 5 Opinion 14.

Third, Getso's allegation that "New York State's law on higher education does not bar students from being awarded more than one undergraduate degree as long as they are not in the same field" (Mot. ¶ 5) has no bearing whatsoever on the January 5 Opinion or Defendant's conduct. Defendant is not obligated to permit students with an undergraduate degree to pursue another undergraduate degree. Moreover, Defendant appropriately rejected Getso because of his false statement of credentials and ineligibility under the School's admission criteria. See January 5 Opinion 17-19.

Fourth, Getso alleges that it "is a new discovery"  that the Harvard Extension School degree requires completion of as many as fourteen courses. (Mot. ¶ 6.) The degree requirements are irrelevant, because Getso was denied enrollment in the program.

Fifth, Getso's allegations that Defendant refunded tuition for a cancelled course, but not fees, is entirely

4

irrelevant to the claims at issue in this dispute and addressed in the January 5 Opinion.

Finally, Getso argues that Defendant's alleged lies in its papers constituted a departure from accepted norms and should have prevented Defendant from being entitled to any deference, under Regents of the University of Michigan v. Ewing, 474 U.S. 214, 225 (1985). However, not only has Getso not shown any lies, but such an argument would not alter this Court's finding in its January 5 Opinion that Dean Spreadbury made a credible determination that Getso's "dishonesty and refusal to answer reasonable questions about his credentials made him ineligible." January 5 Opinion 18.

As set forth above, Getso has failed to present any controlling law or factual matters that the Court overlooked in its January 5 Opinion. Accordingly, his motion for reconsideration is denied.

**Defendant Has Not Committed Perjury**

In addition to his motion for reconsideration, Getso filed on February 5, 2011 a motion "for summary judgment in

5

favor of plaintiff, or in the alternative charging defendants [sic] with perjury." The substantive paragraphs of the motion are identical to the motion for reconsideration, discussed above.

Getso's motion to charge Defendant with perjury rests on three alleged false statements made by Defendant.

First, Getso claims that Defendant falsely represented that Getso applied for financial aid. (Mot. ¶ 3.) However, neither Defendant nor Dean Spreadbury made any such representation. Rather, Defendant sent a letter to Getso indicating that information was missing from Getso's application for financial aid.

Second, Getso claims that Defendant lied to the Court by claiming to be unaware of documents filed by Getso with his amended complaint, as discussed above. However, Defendant merely argued that those documents do not evidence a contract. It did not claim to be unaware of those documents.

Third, Getso claims that Dean Spreadbury claimed to have been unaware of Getso's educational background. Dean

Spreadbury made no such claim.  Rather, she stated in her
affidavit that Getso did not disclose any prior universities
attended in his application, but referred to himself as "Dr.
Getso" in correspondence.  As a result, Dean Spreadbury
contacted Getso concerning the discrepancy.

Neither Defendant nor Dean Spreadbury made any
misrepresentations to the Court, and therefore cannot be charged
with perjury.  Getso's motion is denied.

**Getso's Motion for an Extension is Denied as Moot**

Getso has also moved for an extension of the deadline
for filing an appeal of the January 5 Opinion.

Getso had thirty days from the entry of the January 5
Opinion within which to appeal that decision.  Fed. R. App. P.
4(a)(1)(A).  The January 5 Opinion was entered on January 13,
2011.  Because Getso moved for reconsideration on January 19,
2011, within ten days of the entry of the January 5 Opinion, the
time within which to file an appeal of the underlying opinion is
tolled until decision on the motion for reconsideration.  Fed.
R. App. P. 4(a)(4)(A); see Lora v. O'Heaney, 602 F.3d 106, 110

(2d Cir. 2010); cf. Camacho v. City of Yonkers, 236 F.3d 112,
114-16 (2d Cir. 2000) (dismissing appeal from denial of
qualified immunity because untimely motion for reconsideration
did not toll time to file interlocutory appeal).

Accordingly, Getso's motion for an extension is denied
as moot.

The clock for filing an appeal, which started when the
January 5 Opinion was entered on January 13, stopped when Getso
filed his motion for reconsideration on January 19.  Six days
had elapsed.  Thus, Getso has 24 days from the entry of this
decision within which to appeal the January 5 Opinion.

## Conclusion

Based on the conclusions and facts set forth above,
all three of Getso's motions are denied.

It is so ordered.

New York, NY
March  / 7 , 2011

ROBERT W. SWEET
U.S.D.J.

8